```
                    FILED by ____ D.C.
                       ELECTRONIC
                       MAY 12, 2009
                    STEVEN M. LARIMORE
                    CLERK U.S. DIST. CT.
                    S.D. OF FLA. - MIAMI
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-60132-CR-DIMITROULEAS/SNOW

18 U.S.C. § 1594(c)
18 U.S.C. § 1591(a)(1)
18 U.S.C. § 1594(d)

UNITED STATES OF AMERICA

v.

DAVID PIERRE and
JENNA LINDEN,

**Defendants.**
_____/

## INDICTMENT

The Grand Jury charges that:

### COUNT 1

Beginning on or about March 17, 2009 through on or about March 20, 2009, in Broward and Miami-Dade Counties, in the Southern District of Florida, the defendants,

**DAVID PIERRE
and
JENNA LINDEN,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury, to knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, that is "S.M.," knowing, and in reckless disregard of the fact, that "S.M." had not attained the age of 18 years and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1) and (b)(2).

## PURPOSE OF THE CONSPIRACY

It was a purpose of the conspiracy for the defendants and their co-conspirators to enrich themselves by using, housing, and transporting a female who had not attained the age of 18 years for the purpose of prostitution.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

1. **DAVID PIERRE** operated an online escort service, using multiple websites to prostitute minor females.

2. **DAVID PIERRE** housed some of these minor females at a residence in Fort Lauderdale, Florida.

3. **DAVID PIERRE** and **JENNA LINDEN** provided access to computers at the residence in Fort Lauderdale, Florida so that the minor females could communicate with potential clients and customers via the Internet.

4. **DAVID PIERRE** provided the minor females with money to purchase Trojan condoms for their commercial sex acts.

5. **DAVID PIERRE** would receive a portion of the proceeds from the minor females engaging in the commercial sex acts.

6. **JENNA LINDEN** resided at this residence in Fort Lauderdale, Florida and assisted in the billing operations for the online prostitution service.

7. **JENNA LINDEN** transported minor females to various locations in Broward and Miami-Dade Counties to engage in commercial sex acts.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish the objects thereof, at least one of the conspirators committed and caused to be committed at least one of the following overt acts, among others, in the Southern District of Florida:

8. On or about March 17, 2009, **DAVID PIERRE** provided money for "S.M." to travel to a residence in Fort Lauderdale, Florida.

9. From on or about March 17, 2009 through on or about March 20, 2009, **DAVID PIERRE** housed "S.M." at the residence in Fort Lauderdale, Florida to work as a prostitute.

10. On or about March 19, 2009, **JENNA LINDEN** transported "S.M." to a location in Miami, Florida to engage in a commercial sex act.

11. On or about March 20, 2009, **JENNA LINDEN** transported "S.M." to a location in Miami, Florida to engage in a commercial sex act.

All in violation of Title 18, United States Code, Section 1594(c).

## COUNT 2

Between on or about March 17, 2009 through on or about March 20, 2009, in Broward and Miami-Dade Counties, in the Southern District of Florida, the defendants,

**DAVID PIERRE**
and
**JENNA LINDEN,**

did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, that is "S.M.," knowing, and in reckless disregard of the fact, that "S.M." had not attained the age of 18 years and would be caused to engage

in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1), (b)(2), and 2.

## CRIMINAL FORFEITURE

1. The allegations of Counts 1 and 2 of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which one or more of the defendants has an interest.

2. Upon conviction of any violation of Title 18, United States Code, Section 1591(a)(1), as alleged in Counts 1 and 2 of this Indictment, the defendants, **DAVID PIERRE** and **JENNA LINDEN,** shall forfeit to the United States: (1) any property, real or personal, used or intended to be used to commit or facilitate the commission of such offenses; and (2) any property, real or personal, which constitutes or is derived from proceeds, obtained directly or indirectly as a result of the commission of such offenses.

3. The property subject to forfeiture includes, but is not limited to, a blue Ford Expedition, bearing Florida Tag W743MD.

4. If the above-described forfeitable property, as a result of any act or omission of the defendant –

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third party;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty,

4

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

All pursuant to Title 18, United States Code, Sections 1594(d), and the procedures established at Title 21, United States Code, Section 853, made applicable hereto by Title 28, United States code, Section 2461(c).

A TRUE BILL

FOREPERSON

R. ALEXANDER ACOSTA
UNITED STATES ATTORNEY

SIVASHREE SUNDARAM
ASSISTANT U.S. ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>vs.<br>DAVID PIERRE and<br>JENNA LINDEN,<br>        **Defendants.**<br>_____/ | CASE NO. _____<br><br>**CERTIFICATE OF TRIAL ATTORNEY\***<br><br>**Superseding Case Information:** |

**Court Division**: (Select One)

___ Miami    ___ Key West
**X** FTL    ___ WPB    ___ FTP

New Defendant(s)    Yes ___    No ___
Number of New Defendants ___
Total number of counts ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)    **No**
   List language and/or dialect ___

4. This case will take __4__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

   | | | | | | |
   |---|---|---|---|---|---|
   | I | 0 to 5 days | **X** | Petty | ___ |
   | II | 6 to 10 days | ___ | Minor | ___ |
   | III | 11 to 20 days | ___ | Misdem. | ___ |
   | IV | 21 to 60 days | ___ | Felony | **X** |
   | V | 61 days and over | ___ | | |

6. Has this case been previously filed in this District Court? (Yes or No)    **No**
   If yes:
   Judge: _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No)    **Yes**
   If yes:
   Magistrate Case No. **09-6157-RSR**
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of **April 29, 2009**
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No)    **No**

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ___ Yes **X** No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ___ Yes **X** No

                                                          _____
                                                          SIVASHREE SUNDARAM
                                                          ASSISTANT UNITED STATES ATTORNEY
                                                          Court No. A5501212

\*Penalty Sheet(s) attached                                                                         REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendants' Name:** **DAVID PIERRE**          **Case No:**  _____

Count #: 1

Conspiracy to Commit Sex Trafficking of a Minor

Title 18, United States Code, Section 1594(c)

**\*Max. Penalty:** Life Imprisonment

Count #: 2

Sex Trafficking of a Minor

Title 18, United States Code, Section 1591(a)(1)

**\* Max. Penalty:** Life Imprisonment

\* Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendants' Name**: <u>**JENNA LINDEN**</u>     **Case No**:_____

Count #: 1

<u>Conspiracy to Commit Sex Trafficking of a Minor</u>

<u>Title 18, United States Code, Section 1594(c)</u>

<u>**\*Max. Penalty:**  Life Imprisonment</u>

Count #: 2

<u>Sex Trafficking of a Minor</u>

<u>Title 18, United States Code, Section 1591(a)(1)</u>

<u>**\* Max. Penalty**:  Life Imprisonment</u>


\* Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.