UNITED STATES OF AMERICA
SOUTHERN DISTRICT OF FLORIDA

DAVID PIERRE,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/

CASE NO. 10-62065-CIV-DIMITROULEAS
(09-60132-CIV-DIMITROULEAS)

## **FINAL JUDGMENT AND ORDER DENYING MOTION TO VACATE**

THIS CAUSE is before the Court on Movant Pierre's October 21, 2010 Motion to Vacate [DE-1]. The Court has considered Pierre's unsworn Memorandum of Law [DE-3][1] and having reviewed the court file, Pre-Sentence Investigation Report (PSIR) and listened to a tape of the change of plea colloquy[2], finds as follows:

1. On May 12, 2009, Pierre was indicted, along with co-defendant Jenna Linden, and charged with Conspiracy to Commit Sex Trafficking of a Minor and Sex Trafficking of a Minor. [CR-DE-25]. On June 9, 2009, a Superceding Indictment was returned that added another count of Sex Trafficking of a Minor. [CR-DE-42]. On July 15, 2009, co-defendant, Jenna Linden, pled guilty [CR-DE-57} pursuant to a plea agreement [CR-DE-60]. She had previously confessed to the police as to both her and Pierre's involvement in the crime. [CR-DE-40, p. 47].

---

[1] Normally, the Court would give Pierre an opportunity to swear to the facts contained in his memorandum; however, due to the insufficiency of his allegations, that delay is not warranted.

[2] Ordinarily, a defendant is stuck with the representations that he, himself, makes in open court at the time of the plea. U.S. v. Padilla-Galarza, 351 F. 3d 594, 598 (1st Cir. 2003).

1

2. On August 13, 2009, Pierre pled guilty to Count Two [CR-DE-62] pursuant to a plea agreement. [CR-DE-64]. The plea agreement contained an appeal waiver and a waiver of any § 2255 attack on sentencing. [CR-DE-64, p. 5]. Pierre also signed a Factual Proffer Statement. [CR-DE-63].

3. On October 22, 2009, Pierre was sentenced to 120 months in prison. [CR-DE-86]. No appeal was filed. Pierre's conviction became final ten (10) days later.

4. In this timely collateral attack, Pierre alleges that his trial counsel was ineffective in:

    A.    Failing to suppress a condom in a trash can because it was irrelevant.

    B.    Failing to suppress photos of condoms found in the residence as they were not connected to the Movant.

    C.    Failing to inform him that the condoms were essential evidence needed for a conviction.

    D.    Failing to file a Motion to Suppress Confession as he had consumed considerable amounts of alcohol and drugs so that his statements were involuntary and so that he could not have waived his <u>Miranda</u> rights.

    E.    Failing to suppress the victim's statements because of her acts of misconduct.

    F.    Failing to file a Motion to Suppress Physical Evidence.

5. First, Pierre signed the Factual Proffer where he admitted providing money to minor females to purchase Trojan condoms. [CR-DE-63, p. 1]. There was no trial because Pierre decided to plead guilty. Once a minor female so testified, the condoms found both inside and outside of the residence would have been admissible as corroborating circumstantial evidence. The condoms were relevant; any motion to suppress them or limit their admissibility would have been denied. No prejudice has been shown. Finally, Pierre's conclusory statement that the

condoms were essential to convicting him is without evidentiary or legal support.

6. Second, any photos of condoms found in the residence were relevant and admissible. Any objection to their admissibility would have been denied. No prejudice has been shown.

7. Third, the condoms were not essential to a conviction. The Government had sufficient other evidence to support a conviction. [CR-DE-3, 40]. Pierre's conclusory allegation that he should have been told that the condoms were essential to a prosecution does not warrant any relief. In the scheme of things, the condoms were not a significant factor in the case. The detectives' observations and the victim's testimony were compelling evidence in the case. Even without the condoms as evidence, there is no reason, other than Pierre's self-serving statements, to believe that he would not have pled guilty.

8. Fourth, the voluntary consumption of alcohol or drugs does not necessarily destroy the voluntariness of a statement nor does it prevent someone from knowingly waiving his Miranda rights. See U.S. v. Waters, 572 F. 3d 479, 483 (8th Cir.), cert. denied, 130 S. Ct. 645 (2009); U.S. v. Heller, 551 F. 3d 1108, 1113 (9th Cir. ), cert. denied, 129 S. Ct. 2419 (2009) see also, Smith v. Mitchell, 567 F. 3d 246, 257 (6th Cir.) cert. denied, 130 S. Ct. 742 (2009). Pierre's conclusory allegations do not merit any relief. He has not shown that the motion would have been meritorious. Thompson v. Battaglia, 458 F. 3d 614, 620 (7th Cir. 2006) cert. denied, 549 U.S. 1229 (2007). Moreover, during the plea, Pierre was told that being under the influence of drugs or alcohol could have been a defense to the case. Pierre indicated that he would give up the analogous voluntary intoxication defense, along with any and all other defenses. Moreover, during the plea colloquy, Pierre was told that by pleading guilty he was not allowing his attorney to finish any investigation that he might otherwise have wanted to have conducted. Additionally,

3

Pierre acknowledged that he was giving up any and all defenses in this case. Finally, given the otherwise strong evidence of guilt, no prejudice can be shown. Cummings v. Sirmons, 506 F. 3d 1211 (10th Cir. 2007) cert. denied, 128 S. Ct. 2943 (2008).

9. Fifth, victim's statements are not suppressible. Even, assuming the alleged victim's acts of misconduct were admissible, it would have been up to the jury to determine her credibility. Pierre has not alleged any basis under which this court could have considered excluding her testimony. There is no basis for dismissing a probable cause affidavit, even if one existed in this case. Counsel is not ineffective for failing to file a motion that would not have succeeded. DeLozier v. Sirmons, 531 F.3d 1306, 1323 (10th Cir. 2008) cert. denied, 129 S. Ct. 2058 (2009). No prejudice has been shown.

10. Sixth, Pierre's conclusory allegation that a warrantless search was inappropriate in this case is insufficient upon which to base any relief. Nothing indicates that had a motion to suppress been filed that Pierre would have proceeded to trial. Gingras v. Weber, 543 F. 3d 1001, 1004 (8th Cir. 2008). Again, he waived any and all defenses generally by pleading guilty and specifically during the plea colloquy. There is no allegation that would indicate that the trash pull conducted on March 13, 2009 was illegal. [CR-DE-3, p.9]. U.S. v. Spotted Elk, 548 F. 3d 641, 653 (8th Cir. 2008) cert. denied, 129 S. Ct. 1658 (2009); U.S. v. Segura-Baltazar, 448 F. 3d 1281, 1286 (11th Cir. 2006). Moreover, the PSIR (paragraph 28) and testimony at the detention hearing [CR-DE-40, p. 31] indicated that there was no warrantless search, but that a search warrant was executed on April 29, 2009. Pierre has failed to establish a fair and just reason to withdraw his plea. U.S. v. Jones, 479 F. 3d 975 (8th Cir. 2007).

11. Here, Pierre indicated during the colloquy that he was satisfied with his attorney. See

U.S. v. Singleton, 588 F. 3d 497, 500 (7th Cir. 2009); Short v. U.S., 471 F. 3d 686, 692 (6th Cir. 2006). Two counts were dismissed. The PSIR had recommended a guideline range of 324-405 months in prison; Pierre received only the mandatory minimum sentence of 120 months. During the plea colloquy, Pierre was told that if the court decided that his plea was freely and voluntarily done, that a motion to withdraw a plea would not be granted. Pierre can not just change his mind a year later and start over. No good cause has been shown to allow him to withdraw his plea.

12. During the plea colloquy, Pierre indicated that he was waiving his right to attack both the judgment and sentence through a § 2255 motion, including any complaint that the attorney was ineffective, U.S. v. Del Torro-Alejandre, 489 F. 3d 721, 723 (5th Cir. 2007); Williams v. U.S., 396 F. 3d 1340, 1342 (11th Cir.) cert. denied, 546 U.S. 902 (2005), but see U.S. v. Shedrick, 493 F. 3d 292, 298 (3d Cir. 2007). Here, the plea agreement discussed waiving a § 2255 attack on his sentencing, the plea colloquy also included a waiver of any allegation of ineffective assistance of counsel.

13. Pierre's conclusory allegations do not warrant the court's ordering a transcript of the plea colloquy at government expense. Of course, Pierre or the government are free to order and pay for a transcript, at their expense, if they wish.

14. Pierre's conclusory allegations do not warrant an evidentiary hearing.

Wherefore, Pierre's Motion to Vacate [DE-1] is Denied.

The Clerk shall close this case and deny any pending motions as moot.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 2nd day of November, 2010.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Sivashree Sundram, AUSA
Anne Schultz, AUSA

David Pierre, 50100595
PO Box 9356
Fort Lauderdale, FL 33310